UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
ERNESTO DARQUEA,                                              :
                                                              :
                          Plaintiff,                          :
                                                              :   06 CV 0722 (CLB)
        - against -                                           :
                                                              :
JARDEN CORP., et al.,                                         :
                                                              :
                          Defendant.                          :
                                                              :
------------------------------------------------------------- x

## ANSWER AND DEFENSES
## TO CONSOLIDATED CLASS ACTION COMPLAINT

Defendants Jarden Corporation ("Jarden"), Martin E. Franklin ("Franklin"), Ian G. H. Ashken ("Ashken"), and Jarden Consumer Solutions ("JCS"), by their undersigned attorneys, Willkie Farr & Gallagher LLP, hereby answer the allegations made by plaintiffs in the Consolidated Class Action Complaint (the "Complaint"), dated August 25, 2006, and state as follows:

1.  Defendants deny the allegations set forth in paragraph 1 of the Complaint, except admit that plaintiffs purport to bring this action as a class action on behalf of all persons who purchased common stock of Jarden between June 29, 2005 and January 11, 2006, inclusive (the "putative class period"), and admit that the Defendants are Jarden; its Chairman and Chief Executive Officer ("CEO"), Franklin; and its Vice Chairman and Chief Financial Officer ("CFO"), Ashken, in their capacity as officers and directors of Jarden and Sunbeam Products, Inc. d/b/a JCS, an indirect wholly owned subsidiary of Jarden.

2.  Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3776616.13

3. Defendants deny the allegations set forth in paragraph 3 of the Complaint, except admit that, prior to May 2002, Jarden was known as Alltrista Corporation.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in paragraph 5 of the Complaint, except admit that, in January 2005, Jarden acquired American Household, Inc. ("AHI"). Defendants admit that Jarden's portfolio of brands includes Crawford®, Diamond®, Forster®, Hoyle®, Kerr®, and VillaWare®.

6. Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint, except admit that, on June 29, 2005, Jarden announced an agreement to acquire the Holmes Group, Inc. ("Holmes"), a privately-held company. Defendants admit that Andrew C. Hill currently serves as JCS' CEO and president.

9. With respect to the allegations in paragraph 9 of the Complaint, Defendants admit that a teleconference with analysts took place on June 29, 2005, deny knowledge or information sufficient to form a belief as to the precise words spoken during the teleconference, and to the extent that paragraph 9 of the Complaint alleges any wrongdoing by Defendants, deny such allegations.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of the Complaint, except admit that, on or about July 28, 2005, Jarden filed with the Securities and Exchange

Commission ("SEC") a Form 8-K/A and refer to that document for the true and complete contents thereof.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that plaintiffs purport to rely on Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated by the SEC to bring this action.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint, except admit that plaintiffs purport to rely on Section 27 of the Exchange Act to establish the jurisdiction of this Court.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint, except admit that plaintiffs purport to rely on Section 27 of the Exchange Act, 15 U.S.C. § 78a and 28 U.S.C. § 1391(b) to establish venue in this Judicial District.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants admit the allegations in the first sentence of paragraph 19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 19 of the Complaint. To the extent paragraph 19 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint, except admit that Jarden is a Delaware corporation, maintains its principal executive office at 555 Theodore Fremd Avenue, Suite B-302, Rye, NY 10580, was formed as a spin-off from the Ball Corporation in 1993, and changed its name from Alltrista Corporation to Jarden in 2002. Defendants admit that Jarden's shares are traded on the New York Stock Exchange ("NYSE")

under the trading symbol "JAH" and Jarden operates three primary business segments: Branded Consumables, Consumer Solutions, and Outdoor Solutions.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint, except admit that JCS is a Delaware Corporation and maintains its principal executive office at 2381 Executive Center Drive, Boca Raton, FL 33431, and that Andrew C. Hill currently serves as president and CEO of JCS.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint, except admit that, during the putative class period, Franklin served as Jarden's Chairman and CEO and signed Jarden's Forms S-3 and S-8 filings and refer to the public documents for true and complete information concerning the content of such filings.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint, except admit that, during the putative class period, Ashken served as Jarden's CFO and Secretary and signed Jarden's Forms S-3 and S-8 filings and refer to the public documents for true and complete information concerning the content of such filings.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint. To the extent that paragraph 29 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint. To the extent that paragraph 30 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint, except admit that, prior to the acquisition of Holmes, certain Jarden and JCS employees participated in meetings with certain Holmes employees.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admit that, after the Holmes acquisition, certain JCS employees regularly worked with and met with certain Holmes employees. To the extent that paragraph 32 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint. To the extent that paragraph 33 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint, except admit that, on or about June 29, 2005, Jarden issued a press release and refer to that press release for the true and complete contents thereof.

35. With respect to the allegations in paragraph 35 of the Complaint, Defendants admit that a teleconference took place on June 29, 2005, deny knowledge or information sufficient to form a belief as to the precise words spoken during the teleconference, and to the extent that paragraph 35 of the Complaint alleges any wrongdoing by Defendants, deny such allegations.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

3776616.13

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. With respect to the allegations in paragraph 39 of the Complaint, Defendants admit that a conference call took place on July 28, 2005, deny knowledge or information sufficient to form a belief as to the precise words spoken during the conference call, and to the extent that paragraph 39 of the Complaint alleges any wrongdoing by Defendants, deny such allegations.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint and refer to the public record for information concerning the price of Jarden stock for the period from July 7, 2005 to August 3, 2005.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint, except admit that Defendants Franklin and Ashken sold shares of stock pursuant to stock trading plans in accordance with the guidelines specified by the SEC's Rule 10b5-1 under the Exchange Act ("10b5-1 Stock Trading Plans"), and refer to Defendants' public filings for information concerning those sales.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint, except admit that on August 8, 2005 Jarden announced a conversion of stock and refer to the public record for information concerning Jarden's conversion announcement.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint. To the extent that paragraph 44 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

3776616.13

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint. To the extent that paragraph 45 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint, except admit that, on October 27, 2005, Jarden issued a press release and refer to that press release for the true and complete contents thereof.

47. With respect to the allegations in paragraph 47 of the Complaint, Defendants admit that a conference call took place on October 27, 2005, deny knowledge or information sufficient to form a belief as to the precise words spoken during the conference call, and to the extent that paragraph 47 of the Complaint alleges any wrongdoing by Defendants, deny such allegations.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in the first sentence of paragraph 49 and refer to the public record for true and complete information concerning the price of Jarden stock on October 27, 2005. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint. To the extent that paragraph 49 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint. To the extent that paragraph 50 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint, except admit that, on November 2, 2005, Jarden held an Analysts Day Meeting.

3776616.13

52. Defendants deny the allegations in the first sentence of paragraph 52 of the Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Complaint. To the extent that paragraph 52 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint, except admit that on November 4, 2005, Defendants Franklin and Ashken sold shares of Jarden stock pursuant to 10b5-1 Stock Trading Plans, and refer to Defendants' public filings for information concerning those sales.

54. With respect to the allegations in paragraph 54 of the Complaint, Defendants admit that a conference call took place on January 12, 2006, deny knowledge or information sufficient to form a belief as to the precise words spoken during the conference call, and to the extent that paragraph 54 of the Complaint alleges any wrongdoing by Defendants, deny such allegations.

55. With respect to the allegations in paragraph 55 of the Complaint, Defendants admit that a conference call took place on January 12, 2006, deny knowledge or information sufficient to form a belief as to the precise words spoken during the conference call, and to the extent that paragraph 55 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint. To the extent that paragraph 56 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint, except admit that, on January 12, 2006, Jarden issued a press release and refer to that press release for the true and complete contents thereof.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint and refer to the public record for true and complete information concerning the prices of Jarden stock on January 12, 2006.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint, except as to the contentions of law or rules contained therein as to which no response is required, and admit that plaintiffs purport to bring this action as a federal class action on behalf of a class consisting of all persons and entities who purchased common stock of Jarden between June 29, 2005 and January 11, 2006, inclusive, who were damaged thereby, except Defendants, and certain others as described in paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint, except admit that, during the putative class period, Jarden common stock was traded on the NYSE.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint. To the extent that paragraph 62 of the Complaint alleges any wrongdoing by Defendants, Defendants deny such allegations.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

3776616.13

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of the Complaint, except admit that, on or about April 6, 2005, Jarden filed with the SEC a Form Pre 14A and refer to that document for the true and complete contents thereof.

75. Defendants deny the allegations set forth in paragraph 75 of the Complaint, except admit that, on or about January 24, 2005, Franklin amended his employment agreement with Jarden and Defendants refer to the amended employment agreement for its contents.

76. Defendants deny the allegations set forth in paragraph 76 of the Complaint, except admit that, on or about January 24, 2005, Ashken amended his employment agreement with Jarden and Defendants refer to the amended employment agreement for its contents.

77. Defendants deny the allegations set forth in paragraph 77 of the Complaint, except admit that, on or about January 24, 2005, Franklin and Ashken amended their respective employment agreements with Jarden and Defendants refer to their respective amended employment agreements for their contents.

78. Defendants deny the allegations set forth in paragraph 78 of the Complaint, except admit that, on February 16, 2005, Jarden's board of directors approved the "Amended and Restated 2003 Stock Incentive Plan."

3776616.13

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint, except admit that, on or about January 24, 2005, Franklin amended his employment agreement with Jarden and Defendants refer to the amended employment agreement for its contents.

80. Defendants deny the allegations set forth in paragraph 80 of the Complaint, except admit that, on or about January 24, 2005, Ashken amended his employment agreement with Jarden and Defendants refer to the amended employment agreement for its contents.

81. No response is required to the allegations set forth in paragraph 81 because those allegations state a legal conclusion.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

## FIRST CLAIM
### Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants.

84. Defendants repeat and reallege their answers to paragraphs 1-83 of the Complaint as if fully set forth at length herein.

85. Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86. Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87. Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88. Defendants deny the allegations set forth in paragraph 88 of the Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90. Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93. Defendants deny the allegations set forth in paragraph 93 of the Complaint.

3776616.13

94. Defendants deny the allegations set forth in paragraph 94 of the Complaint.

## SECOND CLAIM
### Violation of Section 20(a) of The Exchange Act against Jarden and the Individual Defendants.

95. Defendants repeat and reallege their answer to paragraphs 1-94 of the Complaint as if fully set forth at length herein.

96. Defendants Jarden, Franklin, and Ashken deny the allegations in paragraph 96 of the Complaint, except admit that plaintiffs purport to bring this claim or count against Jarden, Franklin, and Ashken.

97. Defendants Jarden, Franklin, and Ashken deny the allegations in paragraph 97 of the Complaint.

98. Defendants Jarden, Franklin, and Ashken deny the allegations in paragraph 98 of the Complaint.

99. Defendants Jarden, Franklin, and Ashken deny the allegations in paragraph 99 of the Complaint.

100. Defendants Jarden, Franklin, and Ashken deny the allegations in paragraph 100 of the Complaint.

101. Defendants Jarden, Franklin, and Ashken deny the allegations in paragraph 101 of the Complaint.

## AFFIRMATIVE DEFENSES

As for their affirmative defenses to the Complaint, Defendants state as follows:

102. Plaintiffs have failed to state a claim against Defendants upon which relief may be granted.

3776616.13

103. Plaintiffs' claims are barred, in whole or part, by the safe harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-5(c)).

104. Plaintiffs' claims are barred, in whole or part, because the alleged misrepresentations or misleading statements are not actionable under the bespeaks caution doctrine.

105. Plaintiffs' claims are barred, in whole or part, because those Defendants alleged to be control persons under Section 20 of the Exchange Act acted in good faith and did not directly or indirectly induce the acts alleged to constitute a violation or cause of action.

106. The alleged sales of stock by Franklin and Ashken during the putative class period were made pursuant to 10b5-1 Stock Trading Plans.

107. Plaintiffs' claims are barred, in whole or in part, because, pursuant to Section 21D(f) of the Exchange Act, because Defendants Franklin and Ashken are covered persons who did not knowingly commit a violation of the securities laws.

Defendants expressly reserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Therefore, Defendants reserve their right to supplement their Answer and to assert additional defenses in the event that discovery or other means indicate that they would be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request this Court to enter judgment against plaintiffs and in favor of Defendants and entry of an Order:

3776616.13

1. Denying plaintiffs' demand for judgment against Defendants, denying each and every prayer and/or request for relief contained in the Complaint, and dismissing the Complaint in its entirety with prejudice;

2. Awarding costs to Defendants; and

3. Granting such other and further relief in favor of and to Defendants as the Court may deem just and proper.

DATED: New York, NY
July 10, 2007

Respectfully Submitted,

**WILLKIE FARR & GALLAGHER LLP**

Stephen W. Greiner (SG-4287)
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Defendants*