UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ERNESTO DARQUEA,

                        Plaintiff,

                                                                     06 CV 0722 (CLB)
          - against -                                       (Consolidated)

JARDEN CORP., et al.,                          ***Memorandum and Order***

                        Defendants.
---------------------------------------------------------x

Brieant, J.

     Before the Court in this consolidated federal securities fraud case filed as a class action is Defendants' motion for reconsideration, following the Supreme Court's issuance on June 21, 2007, of *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (U.S. 2007). Three weeks prior to that decision, this Court rendered a decision, in which it denied Defendants' motion to dismiss the action under Rule 12(b) of the Federal Rules of Civil Procedure. Familiarity of the reader with the facts and all prior proceedings in this case is presumed.

     "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 789 (2d Cir. 1983)(citations and quotations omitted); *see also Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995)(A motion for reconsideration is not a substitute for a formal appeal, and may only be granted where the Court overlooked matters or controlling decisions which might have materially influenced the earlier decision). Reconsideration is appropriate to correct a clear error

or prevent a manifest injustice but is not granted merely to provide an unrequited party with another opportunity to re-argue his or her case.

As earlier noted, Defendants move for reconsideration based on issuance of the *Tellabs* decision, in which the Supreme Court addressed the pleading standard for scienter under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Confronting Congress' failure to define the term "strong inference," the High Court held, *inter alia*:

> The inference that the defendant acted with scienter need not be irrefutable, i.e., of the "smoking-gun" genre, or even the "most plausible of competing inferences," *Fidel* [*v. Farley*], 392 F.3d [220,] 227 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (CA6 2001) (en banc)). Recall in this regard that § 21D(b)'s pleading requirements are but one constraint among many the PSLRA installed to screen out frivolous suits, while allowing meritorious actions to move forward. [] Yet the inference of scienter must be more than merely "reasonable" or "permissible"--it must be cogent and compelling, thus strong in light of other explanations. A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (U.S. 2007).

Despite the persuasive reasoning in Justice Scalia's concurrence, the inference of scienter need not be irrefutable or the most plausible of competing inferences, but must be merely "at least as compelling as any opposing inference."[1] Defendants argue, and this Court might, under a different legal standard, agree that no one of the singular reasons relied upon by this Court in denying Defendants' motion would likely suffice under the newly set forth *Tellabs* standard of

---

[1] Justice Alito agreed separately with Justice Scalia's opinion that because the language of the statute requires a "strong inference," the test should be "whether the inference of scienter (if any) is *more plausible* than the inference of innocence." *Tellabs,* 127 S. Ct. at 2513(emphasis in original).

requiring an inference of scienter that is "at least as compelling as any opposing inference one could draw from the facts alleged." However, the Court specifically directed that the claims should be viewed as a whole in this comparative analysis. It held:

> We reiterate, however, that the court's job is not to scrutinize each allegation in isolation but to assess all the allegations holistically. [] In sum, the reviewing court must ask: When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?

*Id. at* 2511.

While the Court is inclined to agree with the reasoning of Justices Scalia and Alito, it is constrained to conclude that Plaintiffs' Complaint survives under the standard announced in *Tellabs* for the several reasons set forth in this Court's decision denying the motion.[2]

In accordance with the foregoing, the motion to reconsider (Doc. No. 45) is granted, insofar as it was reasonably timely filed in light of the *Tellabs* decision, but the Court's original decision which denied Defendants' motion to dismiss stands and is not altered upon reconsideration.

---

[2] While Justice Alito understandably expressed his theory that "the difference between the Court's interpretation (the inference of scienter must be at least as strong as the inference of no scienter) and Justice Scalia's (the inference of scienter must be at least marginally stronger than the inference of no scienter) is unlikely to make any practical difference," this is a case in which the difference could conceivably have practical effect. Nevertheless, the Court is constrained to accept the Plaintiffs' version of the facts as true and to conclude that on the whole, the inference of scienter is as compelling as an opposing inference, notwithstanding what inferences might be better drawn from a more developed record. Thus, the Complaint stands.

SO ORDERED.

Dated: White Plains, New York
       September 4, 2007

                                                                    Charles L. Brieant, U.S.D.J.