UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERNESTO DARQUEA,

                    Plaintiffs,

      - against -

JARDEN CORP., et al.,

                    Defendants.
------------------------------------------------------------x

06 Civ. 722 (CLB)
**(Consolidated)**

*Memorandum and Order*

Brieant, J.

      Before the Court in this consolidated federal securities fraud action is a motion, filed September 11, 2007 (Doc. No. 58), for class action and lead plaintiff certification, and to appoint lead counsel, pursuant to Fed. R. Civ. Pro 23. Opposition papers were filed on November 21, 2007 (Doc. No. 64). Reply papers were filed on December 12, 2007 (Doc. No. 66). Oral argument was heard on January 11, 2007.

*Background*

      The following facts are presumed true for the purposes of this motion only. The action is brought on behalf of all persons who purchased or otherwise acquired the common stock of Jarden between June 29, 2005, and January 11, 2006 (the "Class Period"), and alleges violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 ("the Act"), and of Rule 10b-5. Plaintiffs claim that Defendants made materially false and misleading statements concerning the financial impact of Jarden's acquisition of a privately-held company, The Holmes Group. Plaintiffs allege that these misrepresentations caused Jarden's stock price to artificially

1

inflate over the six-month Class Period. Class members purchased Jarden shares at the inflated prices during this time and allege to have subsequently suffered damages due to the drop in stock price that occurred once the fraud was revealed.

Plaintiffs move to certify the class and appoint Lead Plaintiffs as Class Representative and appoint Lead Plaintiffs' counsel as counsel for the class. Defendants argue that Plaintiffs have not satisfied the four criteria of Rule 23(a) because Plaintiffs rely solely on allegations in the complaint. Defendants further argue that Plaintiffs have failed to establish "loss causation" and are, thus, not entitled to use the fraud-on-the-market presumption to satisfy Rule 23(b)(3). Additionally, Defendants argue that Plaintiffs' motion to certify Lead Plaintiffs as Class Representative should be denied because the Lead Plaintiffs played no role in the decision to purchase Jarden stock and did not rely on statements made by Defendants and thus, their claims are atypical and subject to a unique defense of non-reliance.

*Discussion*

Under Rule 23(a) of the Federal Rules of Civil Procedure, "[o]ne or more members of a class may sue . . . as representative parties on behalf of all only if" the following four prerequisites are met: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires in addition that "the court finds that the questions of law or fact common to

class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The court must receive "enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). In determining whether Plaintiffs have satisfied Rule 23(a), the court must refrain from considering the merits of substantive claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

*Numerosity*

The prerequisite of numerosity is satisfied if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. Pro. 23(a)(1). Evidence of the exact number of class members is not required, however, our Court of Appeals has held that "numerosity is presumed at a level of 40 members." *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). The corporate records provide the names, addresses and number of shares held on the relevant date, for each Jarden shareholder. There is no dispute that the numerosity requirement is met.

*Commonality*

For an action to be maintain as a class action pursuant to Rule 23(a)(2), there must be common issues of law or fact. The commonality requirement is designed to test "whether the

named plaintiff's claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1980). This prong only requires that there be a "common nucleus of operative fact." *Port Authority Police Benevolent Ass'n v. Port Authority*, 698 F.2d 150, 153-54 (2d Cir. 1983). If common question predominate over individual questions, the requirement of commonality is satisfied. The alleged misrepresentation leading to artificially inflated stock prices relate to all the investors and the existence and materiality of such misstatements or omissions present important common issues. Since Defendants' liability is the threshold inquiry, and proof of such liability must be proved by all members of the class in order to recover for any injury suffered, the pre-condition of commonality has been met.

*Typicality*

Plaintiffs argue that the proposed class representatives are all typical class members because their claims arise from the same course of conduct by Defendants and are based upon the same legal theory as those of the proposed class. Defendants argue that the proposed Lead Plaintiffs' claims are atypical and unrepresentative, on the ground that there are unique defenses which can be asserted against them, that could unnecessarily prejudice the class. Defendants claim that Plaintiffs', by delegating investment decision making authority to their investment advisors, did not rely on the misrepresentations alleged. Defendants base their argument on evidence of Plaintiffs' accountants, who testified during depositions that the misstatements were not crucial in their decision to recommend the stock purchases.

A claim is typical where "each class member's claim arises from the same course of events, and each class member make similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). The commonality and typicality requirements of Rule 23(a) tend to merge. The typicality requirement can be satisfied even where a putative class representative is subject to unique defenses. The unique defense rule is not rigidly applied in this Circuit, *Koppel v. 4987 Corp.*, 191 F.R.D. 360, 365 (S.D.N.Y. 2000). The unique defense rule is "intended to protect [the] plaintiff class - not to shield defendants from a potentially meritorious suit." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200-01 (S.D.N.Y. 1992). "It is beyond reasonable dispute that a representative may satisfy the typicality requirement even though that party may later be barred from recovery by a defense particular to him that would not impact other class members." *Id.*

Plaintiffs' meet the typicality requirement because their claims arise from the same alleged misconduct as all proposed members' claims, and Plaintiffs assert legal arguments similar to those available to all members of the class -- i.e., defendants violated federal securities and state common laws by releasing misleading material statements or omitting material information, causing stock price to artificially inflate.

*Adequately of Representation*

"Adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson*, 222 F.3d 52 60 (2d Cir.

5

2000). Plaintiffs argue that the proposed class representatives would fairly and adequately represent the class, because no plaintiff has interests antagonistic to those of the class, and each is represented by qualified and experienced counsel. The Court agrees.

All claims alleged arise from the same wrongful conduct, and thus, Plaintiff's interests, recouping money invested, are similar to those of the proposed class. As such, named Plaintiffs will fairly and adequately protect the interests of the class. Additionally, Plaintiffs' counsel has substantial experience in prosecution of securities class actions.

*Rule 23(b)(3) Requirement*

In addition to meeting the prerequisites of Rule 23(a), Plaintiffs request that the Court certify a class pursuant to 23(b)(3), which provides that:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Defendants argue that Lead Plaintiffs cannot serve as Class Representatives because they claims are atypical and subject to a unique defense of non-reliance. Specifically, Defendants claim that Lead Plaintiff delegated investment decision making authority to their investment advisors, who testified that they did not rely on the alleged misrepresentations when making their investment decisions and recommendations, but performed their own due diligence and assessment. Specifically, Defendants argue that Plaintiffs can not avail themselves of the "fraud-on-the-market theory" in order to establish the element of reliance, necessary for their claims.

6

The "fraud on the market" theory posits that in an open and developed securities market, the price of a company's stock is determined by publicly available material information about the company. In such a situation, misleading statements can affect the price of the company's stock, thus defrauding purchasers of the stock even if they do not rely on the misstatements. *See Basic v.* , 485 U.S. 224, 241-242 (1988). As the Supreme Court explained in *Basic*: "An investor who buys or sells stock at the price set by the market does so in reliance on the integrity of that price. Because most publicly available information is reflected in market price, an investor's reliance on any public material misrepresentations, therefore, may be presumed for purposes of a Rule 10b-5 action." *Id.* at 247. Therefore, in a case involving plaintiffs who purchased their shares in an efficient market, the "fraud on the market" theory affords the plaintiffs a rebuttable presumption of reliance.

Defendants' argue that Plaintiffs cannot invoke the fraud-on-the-market theory because Plaintiffs have not shown loss causation. Defendants' rely on the Fifth Circuit standard for this argument, outlined in *Oscar Private Equity Invs. v. Allegiance Telecom, Inc.*, 487 F.3d 261 (5th Cir. 2007) . This standard, however, is limited to the Fifth Circuit. A Plaintiff in the Second Circuit may benefit from the fraud-on-the-market presumption of reliance at the certification stage based solely on a showing that they made purchases or sales in an efficient market, and need not show that they specifically relied on the allegedly fraudulent conduct, as reliance - an element of a 10(b) claims - is presumed.

This presumption can be rebutted, for example, if defendant can show that plaintiff would have purchased the stock at the same price even if he had known the non-disclosed information. *Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983). A plaintiff, subject to a unique defense is not a proper class representative where the unique defense might distract the litigation from the underlying claim of wrongdoing. *Id.* Lead Plaintiffs claims arise from the same course of events that the proposed class members will rely on, and similar legal arguments will be asserted to prove the Defendants' liability. *In re Drexel Burnham*, 960 F.2d at 291. While it is true that Defendants allege a defense that may be unique to Lead Plaintiffs, this claim alone is not sufficient to reject them as class representatives. *See Korn v. Franchard Corp.*, 456 F.2d 1206 (2d. Cir. 1972). There is no reason to believe that the defense will draw any extraordinary attention or divert the trial from the main issues, most notably, Defendants' liability.

Because of the usefulness of class actions in addressing allegations of securities fraud, the class certification requirements of Rule 23 are to be construed liberally. *Gary Plastic Packaging Corp. v. Merrill Lynch Money Markets, Inc.*, 903 F.2d 176, 179 (2d Cir. 1990). Lead Plaintiffs' reliance does not threaten to become the "major focus" of this litigation.

Rule 23(b)(3) does not require that all questions of law or fact be common; it only requires that the common questions predominate over individual questions. *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 94 (S.D.N.Y. 1981). In determining whether common questions of law and fact predominate, the inquiry is directed primarily toward whether the issue of liability is common to all members of the class. *Id.* (courts focus on the liability issue and if

liability is common to the class, common questions are held to predominate over individual questions.).

The Complaint alleges that Defendants engaged in a scheme to release material misrepresentations and omitting important investor information, resulting in artificially inflated prices. Such action constitutes a "common course of conduct", and each class member, if they were to bring individual actions, would be required to prove the existence of the alleged activities of the Defendants in order to prove liability. *In re Blech*, 187 F.R.D. 97, 107 (S.D.N.Y. 1999) (citing *Green*, 406 F.2d at 300). Accordingly, Plaintiffs have made the showing necessary under the first prong of Rule 23(b)(3).

As to the second prong, it must be established that, in this case, a "class action is superior to other available methods of adjudication." Fed R. Civ. Pro. 23(b)(3). Securities suits easily satisfy the superiority requirement. Most violations of the federal securities laws, such as those alleged in the Complaint, inflict economic injury on large numbers of geographically dispersed persons such that the cost of pursuing individual litigation to seek recovery is often not feasible. *In re Blech*, 187 F.R.D. at 107. Multiple lawsuits would be costly and inefficient. Moreover, although a large number of individuals may have been injured, no one person may have been damaged to a degree which would induce him to institute litigation solely on his own behalf. *Green v. Wolf Corp.*, 406 F.2d 291, 296 (2d Cir. 1986).

Because class action treatment is superior to any other available method for the "fair" and "efficient" adjudication of this case, the requirements of Rule 23(b)(3) are fully satisfied. If insurmountable management problems were to develop at any point, class certification can be revisited at any time under Fed. R. Civ. P. 23(c)(1)(C), and subclasses may be certified, if need be.

For all the foregoing reasons, Plaintiffs' motion for class certification is granted. The Court finds that Plaintiffs' counsel, Coughlin Stoia Geller Rudman & Robbins, LLP, are qualified to represent the class and the Court hereby appoints them as class counsel. The Court directs the parties to settle a proposed Class Order on five (5) days notice.

X

  X

    X

     X

      X

       X

X

X

X

Dated: White Plains, New York
March 6, 2008

_____
Charles L. Brieant, U.S.D.J.