UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ERNESTO DARQUEA, | : | Civil Action No. 1:06-cv-00722 (RPP) |
| | : | **(Consolidated)** |
| Plaintiff, | : | |
| | : | **ELECTRONICALLY FILED** |
| vs. | : | |
| | : | CLASS ACTION |
| JARDEN CORP., et al., | : | |
| | : | |
| Defendants. | : | |

LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT

## TABLE OF CONTENTS

Page

I.  PRELIMINARY STATEMENT ...................................................................................1

II. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............3

III. THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY
    NOTICE AND PROOF OF CLAIM ARE ADEQUATE ...................................................4

IV. PROPOSED SCHEDULE ................................................................................................5

V.  CONCLUSION..................................................................................................................6

**I.     PRELIMINARY STATEMENT**

Lead Plaintiffs submit this memorandum in support of the parties' motion for an order granting preliminary approval of the proposed Settlement of this securities class action, which provides for $8,000,000.00 in cash, to be paid by or on behalf of Defendants Jarden Corporation ("Jarden" or the "Company"), Jarden Consumer Solutions ("JCS"), Martin E. Franklin and Ian G.H. Ashken.

This action involves claims against Jarden, JCS and certain of Jarden's officers by purchasers or acquirers of Jarden common stock during the period June 29, 2005 through January 11, 2006 (the "Class Period"). The complaints filed in the action assert, among other things, that during the Class Period, Defendants misrepresented the success of its acquisition of the Holmes Group, Inc. and its product lines. Lead Plaintiffs also alleged that Defendants' materially false and misleading statements artificially inflated the price of Jarden common stock, allowing the individual Defendants to sell over $14 million in shares owned by them prior to the disclosure of the adverse information concerning the Company's earnings for the fourth quarter of fiscal 2005. Lead Plaintiffs further alleged that when Defendants revealed that Jarden would miss its EBITDA projections for the fourth quarter of 2005, the price of Jarden stock declined over 11%. Defendants have denied and continue to deny all charges of fault, wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged. They deny and continue to deny they have committed any violations of law or engaged in any wrongful act, whether as alleged or otherwise and deny the Class suffered any damages.

By this motion, the parties seek preliminary approval of the settlement of the action and in connection therewith entry of an order providing for approval of the form of notice describing the terms of the Settlement; Class Members' rights with respect thereto; the proposed release of claims against the Released Parties and Lead Plaintiffs and the Class; the proposed Plan of Distribution of

settlement proceeds, which was developed by Lead Plaintiffs' damage consultant; the request for an award of attorneys' fees and expenses to Plaintiffs' Counsel and the request by Lead Plaintiffs for reimbursement of time and expenses; and the procedure for filing Proof of Claim and Release forms. The parties also request that the Court set a date for the hearing to consider final approval of the Settlement and the foregoing matters.

The proposed $8 million cash settlement is a very good result, and the parties urge the Court's preliminary approval of the proposed Settlement. For purposes of this motion for preliminary approval, the issue before the Court is whether the Settlement is within the range of what might be approved as fair, reasonable and adequate in order to justify mailing and publishing notice of the Settlement, and scheduling a final hearing. "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations . . . and falls within the range of possible approval, preliminary approval should be granted." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, No. MDL 1023, 1997 U.S. Dist. LEXIS 20835, at *22 (S.D.N.Y. Dec. 31, 1997). The Court is not required at this point to make a final determination regarding the reasonableness of the Settlement, and no Class Member's substantive rights will be prejudiced by preliminary approval.

Lead Plaintiffs and Plaintiffs' Settlement Counsel are fully conversant with the strengths and weaknesses of this case, as significant investigation has been undertaken, the parties fully briefed Defendants' motion to dismiss, Defendants' motion to reconsider and Lead Plaintiffs' motion for class certification. In addition, Plaintiffs' Settlement Counsel have reviewed tens of thousands of pages of non-public documents produced by Defendants, brought a number of motions to compel additional discovery, and have engaged in extensive settlement negotiations, assisted by a retired federal judge serving as mediator, where the two sides' positions were fully explored, and thus can readily evaluate the risks associated with continued litigation, as well as the fairness of its resolution

at this time. Lead Plaintiffs submit that the proposed Settlement is a very good result for, and is in the best interests of, the Class. The Settlement was the result of arm's-length negotiations between sophisticated parties and warrants preliminary approval for purposes of notifying Class Members.

## II. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e). At the final approval hearing, the Court will have before it extensive papers submitted in support of the proposed Settlement and will be asked to make a final determination as to whether the Settlement is fair, reasonable and adequate under all of the circumstances surrounding the action. Here, however, Lead Plaintiffs request only that the Court grant preliminary approval in order to authorize notifying Class Members of the terms of the Settlement, and of their opportunity to be heard regarding the Settlement at the hearing where final approval of the Settlement will be considered.

The test for granting preliminary approval is whether the proposed settlement is "'at least sufficiently fair, reasonable and adequate to justify notice to those affected and an opportunity to be heard.'" *NASDAQ*, 1997 U.S. Dist. LEXIS 20835, at *24 (quoting *In re Baldwin-United Corp.*, 105 F.R.D. 475, 482 (S.D.N.Y. 1984)). *See Manual for Complex Litigation* §21.632 (4th ed. 2004). Here the proposed Settlement easily satisfies that standard.

The proposed Settlement is an excellent result, and is well within the range of reasonableness. *See In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320 (E.D.N.Y. 1993) (approving settlement that was only 6% of the potential recovery). *See also Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2d Cir. 1974) ("[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential

- 3 -

recovery."); *Teachers' Ret. Sys. v. A.C.L.N., Ltd.*, No. 01-CV-11814(MP), 2004 U.S. Dist. LEXIS 8608, at *15 (S.D.N.Y. May 14, 2004) (citing *Grinnell*, 495 F.2d at 455). *Accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989), *aff'd sub nom. Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992). Accordingly, preliminary approval of the Settlement should be granted and notice to the Class Members permitted. Defendants have put forward significant defenses to liability that if accepted by the Court, would result in no recovery at all for Class Members. Specifically, Defendants believe that Lead Plaintiffs would be unable to establish loss causation, as there is no evidence that the Company's 2005 earnings release, which is alleged to have caused the Company's stock decline, made mention of the matters that Lead Plaintiffs allege were misleading. Defendants also believe that the evidence would establish that they did not act with the intent to deceive investors. In addition, Defendants believe that Lead Plaintiffs would be unable to prove that any public statement made by Defendants was misleading.

Additionally, Defendants believe that the evidence would establish that even if Lead Plaintiffs could establish liability, at most only a small portion of Jarden's stock price drop could be recoverable by the Class. Given these significant risks of establishing liability and damages, settlement is the proper course at this time.

### III.  THE PROPOSED NOTICE TO THE CLASS MEMBERS, SUMMARY NOTICE AND PROOF OF CLAIM ARE ADEQUATE

Federal Rule of Civil Procedure 23(e)(2) requires that class members receive notice of any proposed settlement before final approval by the court. *Manual for Complex Litigation*, *supra*, §21.633, at 321-22. Lead Plaintiffs respectfully submit that the proposed notices, which are annexed as Exhibits A-1 and A-3 to the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice, submitted herewith, are adequate. If approved by the Court, the notice in the form of

- 4 -

Exhibit A-1, along with the Proof of Claim and Release in the form of Exhibit A-2, will be sent by first-class mail to each Class Member identified from Jarden's transfer records as purchasers or acquirers of the Company's common stock during the Class Period. In addition, summary notice in the form of Exhibit A-3 will be published in *Investor's Business Daily* within seven (7) days of the mailing of the notice.

As required by Federal Rule of Civil Procedure 23(c)(2), the notice will inform Class Members of the claims alleged in the action, the terms of the proposed Settlement and their rights as Class Members to opt out or object to the Settlement, or otherwise object to the Plan of Distribution and/or the proposed attorneys' fees and expenses. *See Consol. Edison, Inc. v. Ne. Utils.*, 332 F. Supp. 2d 639, 652 (S.D.N.Y. 2004) ("'Due process requires that the notice to class members "fairly apprise the . . . members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings."'") (citations omitted); *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).

Lastly, as part of the preliminary approval of the Settlement, Lead Plaintiffs also respectfully request the appointment of Gilardi & Co. LLC ("Gilardi") as Claims Administrator. As Claims Administrator, Gilardi will be responsible for, among other things, mailing the notice to the Class, publishing the summary notice, reviewing claims, compiling a distribution schedule, and mailing distribution checks. Gilardi has extensive experience in settlement administration and will adequately fulfill its duties in this case.

### IV.     PROPOSED SCHEDULE

Lead Plaintiffs propose the following schedule:

| | |
|---|---|
| Notice mailed to Class Members ("Notice Date") | 14 days from preliminary approval |
| Summary Notice published | 7 days from Notice Date |

| | |
|---|---|
| Last day to request exclusion from or object to Settlement | 14 days prior to Final Approval hearing |
| Date by which to file papers in support of Settlement, Plan of Distribution and request for attorneys' fees and expenses and Lead Plaintiffs' request for reimbursement of time and expenses | 21 calendar days prior to Final Approval hearing |
| Date by which to file reply papers in support of Settlement, Plan of Distribution and request for attorneys' fees and expenses | 7 calendar days prior to Final Approval hearing |
| Final Approval hearing | Approximately 90 days from Notice Date, at the Court's convenience |
| Last day for Class Members to file Proof of Claim forms | 90 days from Notice Date |

This schedule is similar to those used in numerous class action settlements and provides due process to Class Members with respect to their rights concerning the Settlement.

**V.    CONCLUSION**

Lead Plaintiffs request approval of the motion for an order preliminarily approving the proposed Settlement, directing notice be sent to all Class Members and summary notice to be published, and setting a hearing date for final approval.

DATED:  January 26, 2009
Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN

                    s/ Robert M. Rothman
                   ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

- 6 -

        BARROWAY TOPAZ KESSLER
          MELTZER & CHECK, LLP
        GREGORY M. CASTALDO
        KATHARINE M. RYAN
        KAREN E. REILLY
        280 King of Prussia Road
        Radnor, PA 19087
        Telephone: 610/667-7706
        610/667-7056 (fax)

        Co-Lead Counsel for Plaintiffs

        SULLIVAN, WARD, ASHER & PATTON, P.C.
        CYNTHIA J. BILLINGS
        25800 Northwestern Highway
        1000 Maccabees Center
        Southfield, MI 48075-1000
        Telephone: 248/746-0700
        248/746-2760 (fax)

        BROWNSTEIN HYATT FARBER &
          SCHRECK, P.C.
        ANDREW S. BRIGNONE
        300 S. Fourth Street, Suite 1200
        Las Vegas, NV 89101
        Telephone: 702/382-2101
        702/382-8135 (fax)

        Additional Counsel for Plaintiffs

Document3

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 26, 2009.

    s/ Robert M. Rothman
    ROBERT M. ROTHMAN

    COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
    58 South Service Road, Suite 200
    Melville, NY  11747
    Telephone:  631/367-7100
    631/367-1173 (fax)

    E-mail:rrothman@csgrr.com

# Mailing Information for a Case 1:06-cv-00722-RPP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Aaron Lee Brody**
  ssbny@aol.com

- **Jonathan R. Cagan**
  jcagan@btkmc.com

- **James Henry Glavin**
  jhglavin@ssbny.com

- **Christopher J. Gray**
  gray@cjgraylaw.com

- **Stephen William Greiner**
  maosdny@willkie.com,llin@willkie.com,sgreiner@willkie.com

- **Laurence Paskowitz**
  classattorney@aol.com

- **Karen E. Reilly**
  kreilly@btkmc.com,dpotts@btkmc.com

- **Robert M. Rothman**
  rrothman@csgrr.com,e_file_ny@csgrr.com

- **Samuel Howard Rudman**
  srudman@csgrr.com,e_file_ny@csgrr.com

- **Joseph Frank Russello**
  JRussello@csgrr.com,jlp@rigrodskylong.com,msr@rigrodskylong.com,ceh@rigrodskylong.com,sdr@rigrodskylong.com,nrw

- **Katharine M. Ryan**
  kryan@btkmc.com,dpotts@btkmc.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Stephen E. Connolly
Shiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
```

Manual Service List
*Darquea v. Jarden Corp., et al.*
Civil Action No. 7:06-cv-00722 (RPP)

Andrew S. Brignone
Brownstein Hyatt Farber & Schreck, P.C.
300 South Fourth Street, Suite 1200
Las Vegas, NV  89101

Cynthia J. Billings
Sullivan, Ward, Asher & Patton, P.C.
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075